## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

KRISTYN ROTH,

                        Plaintiff,

            v.                                          Case No.

HYDROCEPHALUS ASSOCIATION, INC.,

                        Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiff Kristyn Roth ("Plaintiff"), through her attorneys, files this Complaint against Hydrocephalus Association, Inc. ("Hydrocephalus Association" or "Defendant") as follows, upon personal knowledge and public records as to Plaintiff's own acts and those acts of Defendant that are a matter of public record, and otherwise upon information and belief.

## NATURE OF ACTION

1.      This action arises from Defendant's willful infringement of Plaintiff's trademark rights in and to the following mark (The "Makes Waves Mark") in at least the field of online charitable fundraising:



2.      Plaintiff has, since April 2016, conspicuously and continuously used the Make Waves Mark in interstate commerce and in the State of New York to promote its and its licensees the Roth Family Foundation and the Make Waves Charitable Gift Fund's charitable works such as the "Make Waves for Autism" fundraising campaign, to aid those with autistic spectrum disorder, particularly autistic adults.

3.      Defendant has, since September 2016, used the confusingly similar "Make Waves for Hydrocephalus" mark also for charitable fundraising.

4.      Despite Plaintiff's seniority, Plaintiff was unable to register the Make Waves Mark with the Trademark Office due to the Defendant's having registered the junior "Make Waves for Hydrocephalus" mark.  Plaintiff accordingly commenced a Cancellation proceeding against the "Make Waves for Hydrocephalus" Mark in August 2018.  That proceeding is currently pending.

5.      Given Defendant's continued use of its "Make Waves for Hydrocephalus" mark, the potential for confusion between Plaintiff's senior "Make Waves Mark" and Defendant's junior "Make Waves for Hydrocephalus" mark, Plaintiff is commencing this action for infringement to seek injunctive relief for infringement of its mark in addition to Cancellation of the "Make Waves for Hydrocephalus" mark.

### JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction of this action and claims pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

7.      Defendant is subject to personal jurisdiction of this Court because it, inter alia, transacts business within this District, solicits donations within this District, including under the

auspices of its confusingly similar mark, engages in a persistent course of conduct in this District and its environs, and expects, or should expect, its acts to have legal consequences within New York and this District.

8.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Defendant is subject to this court's personal jurisdiction under 28 U.S.C. §1391(c)(2) and thus resides herein for the purposes of this action, and because a substantial portion of the conduct that is the subject matter of this action occurred in this District, including Defendant's solicitation of donations in this District.

**PARTIES**

9.     Plaintiff Kristyn Roth is a private individual and owner of all rights to the Make Waves Mark embodied in the application for a United States trademark bearing serial number 87/421618.

10.    The Makes Waves Charitable Gift Fund and the Roth Family Foundation are licensees of Plaintiff's Make Waves Mark.

11.    The Roth Family Foundation is a 501(c)(3)  non-profit organization whose mission is to support organizations and programs that improve the quality of life for special needs communities. The foundation's primary focus is to provide opportunity to those on the Autism Spectrum beyond the age of 22 years old, with the intent of fostering the highest level of independence though transitional skill programs, housing alternatives, job training and employment.

12.    The Makes Waves Charitable Gift Fund was launched by Kristyn Roth in 2016 to motivate and inspire others to become involved with the efforts of the Roth Family Foundation.

13.     Defendant Hydrocephalus Association, Inc. ("Hydrocephalus Association," or "Defendant") is a corporation organized and existing under the laws of the State of Delaware. Defendant's registered agent on file with the Delaware Secretary of State for the purpose of service of process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange St, Wilmington, DE 19081. Hydrocephalus Association has a principal place of business at 4340 East West Highway, Suite 905, Bethesda, MD 20814.

## THE MAKES WAVES MARK BELONGING TO PLAINTIFF AND CONFUSION WITH DEFENDANT'S JUNIOR MARK

14.     Plaintiff first made use of the Make Waves Mark in connection with the "Make Waves for Autism" fundraising campaign in March of 2016 for fundraisers held in April of 2016, and has made continuous and conspicuous use of it in interstate commerce ever since, including in New York.

15.     In March-April 2016, Plaintiff, through her licensee, conducted a fundraising campaign in support of Autism Speaks and its "Light It Up Blue" movement. This campaign resulted in more than 200 people attending seven charitable fundraiser events across the country, acquisition of more than 25 corporate sponsors, six posts/stories in Internet social media, and an ultimate raise of over $21,000. Specific fundraiser events locations included, inter alia, Boston, MA, Weymouth, MA, New York City, NY, San Clemente, CA, and Dana point, CA.

16.     Plaintiff has continuously and conspicuously used its mark in interstate commerce in connection with charitable fundraising services, including on the website www.makewaves.blue and on various social media platforms. Recently, Plaintiff's licensees raised $48,000 at their first

annual "Be a Wavemaker" fundraiser held on June 28, 2018 in Boston, MA. Subsequent such annual events are planned.

17.     As a result of Plaintiff's extensive marketing and fundraising through its website and events, consumers and donors uniquely associate the Make Waves Mark with Plaintiff's and Plaintiff's licensees' charitable fundraising services under the Makes Waves Mark.

18.     In addition to the common law rights acquired in the Make Waves Mark since March of 2016, Plaintiff is the owner of U.S. trademark application 87/421618 (the "Application" or "Make Waves Application") for registration of the following mark:



19.     Plaintiff first submitted the Application for the Make Waves Mark (Serial No. 87/421618) on April 22, 2017, for "charitable services, namely, fundraising services by means of organizing special events to financially support organizations focused on autism research, programs and awareness and equal employment opportunities, replicable housing models and social engagement programs for autistic individuals and to provide financial assistance to autistic adults striving to transition to independent living and careers and to achieve a happy, quality lifestyle; online charitable fundraising services" in International Class 036 (Insurance; financial affairs; monetary affairs; real estate affairs.).

20.    On July 24, 2017, and again on March 1, 2018, Plaintiff's Application was subject to an Office Action refusing to register the Makes Waves Mark due to likelihood of confusion with Defendant's registered mark 5,173,193 for use in "charitable fundraising."

21.    Defendant claimed first use of the mark registered as No. 5,173,193 in commerce on September 1, 2016. This is after the March 2016 date of use by Plaintiff of the Make Waves Mark.

22.    The Trademark Office noted that "In terms of wording, applicant's [Defendant's] mark is highly similar both visually and particularly phonetically. Slight differences in the sound of similar marks will not avoid a likelihood of confusion." The Office concluded that "For the aforementioned reasons, the marks are similar in sound, appearance and overall commercial impression."

23.    The Office further noted that "Thus, the underlying services are similar by way of encompassment as registrant's [Defendant's] broadly defined charitable fundraising services include those same services of applicant [Plaintiff] that are for a specific medical condition or online format." The office concluded with respect to Section 2(d) of the Trademark Acts that "Taking all of these factors into account, consumers encountering both marks in the marketplace are likely to incur confusion as to source."

24.    In Response to the March 2018 final Office Action identifying a likelihood of confusion between Defendant's mark and Plaintiff's senior Make Waves Mark, on August 31, 2018, Plaintiff requested a suspension of Plaintiff's application (which was granted) and indicated that Plaintiff would be filing a cancellation proceeding against Defendant's "Make Waves for Hydrocephalus" mark before the Trademark Trial and Appeal Board (TTAB). Plaintiff then filed

Cancellation Petition No. 92069443 (the "Cancellation Petition"), presently pending before the TTAB.

25.     Defendant promotes the use of its "Make Waves for Hydrocephalus" mark in connection with "DIY fundraising" on its website and promotes the use of the "Make Waves for Hydrocephalus" mark by fundraisers who may set up their own events and remit the proceeds to Defendant.   *See*   https://www.hydroassoc.org/get-involved/making-waves/event-guidelines/ ("Hydrocephalus Association invites you to create your Make Waves for Hydrocephalus – Do-It-Yourself event."). Upon information and belief, Defendant also promotes the use of the Twitter hashtag   "#MakeWaves"   in   connection   with   its   fundraising   (*see* https://www.hydroassoc.org/makewaves/).

26.     Defendant's use of its confusing "Make Waves for Hydrocephalus" mark has caused, and will continue to cause, actual confusion in the marketplace, harm to the business reputation and goodwill of Plaintiff, and damage to Plaintiff's and Plaintiff's licensees' relations with donors and prospective donors and other affiliates or prospective affiliates.

27.     Defendant's use of its confusing "Make Waves for Hydrocephalus" mark has caused, and will continue to cause, Plaintiff damages in an amount to be determined at trial.

28.     As of at least the date of Plaintiff's filing of its Cancellation Petition, to which Defendant filed an Answer on September 21, 2018, Defendant has been engaging in the above-described unlawful activities knowingly and intentionally, or with reckless disregard for Plaintiff's rights in the Make Waves Mark, leading Plaintiff to seek this Court's relief from Defendant's continued infringement.

## COUNT I

**Unfair Competition and False Designation of Origin (15 U.S.C. § 1125(a)(1)(A))**

29.     Plaintiff realleges and incorporates each of the foregoing paragraphs of the complaint as if fully set forth herein.

30.     Plaintiff has continuously and conspicuously made of the Make Waves Mark in United States interstate commerce in connection with charitable fundraising as of April of 2016, and has acquired rights to the mark within the territories in which it has conducted fundraising activities, including at least in New York, California, and Massachusetts.

31.     Defendant presently makes use of the confusingly similar mark "Make Waves for Hydrocephalus" in connection with charitable fundraising in interstate commerce, with such use dating to no earlier a time than September, 2016, including within the territories within which Plaintiff has conducted charitable fundraising activities under the auspices of Plaintiff's Make Waves Mark.

32.     Defendant has been aware of the confusing similarity of its junior mark to Plaintiff's senior Make Waves Mark as of no later than September 21, 2018, when Defendant filed its Answer to Plaintiff's Cancellation Petition. Despite such awareness, Defendant has persisted in its use of its confusingly similar junior mark in interstate commerce.

33.     Given Plaintiff's senior rights in the Make Waves Mark, Defendant's use of mark "Make Waves for Hydrocephalus," the Twitter hashtag "#Makewaves," and other designations and indicia (including but not limited to those substantially similar to registered mark 5,173,193) in commerce and in connection with charitable fundraising, is likely to cause confusion, mistake or deception: (i) as to the affiliation, connection or association with Plaintiff, and (ii) as to the origin, sponsorship or approval of its activities by Plaintiff.

34.    Defendant's acts constitute a false designation of origin and unfair competition in violation with Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

35.    Defendant's intentional and willful conduct has caused, and will continue to cause, Plaintiff irreparable harm unless enjoined, and Plaintiff has no adequate remedy at law.

## COUNT II

### Cancellation of Trademark (15 U.S.C. §§ 1119, 1052)

36.    Plaintiff realleges and incorporates each of the foregoing paragraphs of the complaint as if fully set forth herein.

37.    Defendant is the registrant of United Stated trademark No. 5,173,193, "MAKE WAVES FOR HYDROCEPHALUS," for use in connection with "charitable fundraising," (the '193 Registration).

38.    This action involves a registered mark—the '193 Registration—and accordingly this Court has jurisdiction to "determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action" under 15 U.S.C. §1119.

39.    Plaintiff owns all right, title, and interest in and to the Make Waves Mark, including all common law rights in such mark, which it and its licensees have used conspicuously and continuously since April 2016 in interstate commerce nationwide and in the states of at least New York, California, and Massachusetts.

40.    Defendant's '193 Registration is confusingly similar to Plaintiff's Make Waves Mark.

41.     The mark contained in Defendant's '193 Registration was first used in commerce no earlier than September, 2018, and is therefore junior to Plaintiff's senior Make Waves Mark.

42.     Plaintiff is therefore entitled to a Cancellation of the '193 Registration under at least 15 U.S.C. § 1052(d).

## COUNT III

### Trademark Infringement Under New York Common Law

43.     Plaintiff realleges and incorporates each of the foregoing paragraphs of the complaint as if fully set forth herein.

44.     Plaintiff owns all right, title, and interest in and to the Make Waves Mark, including all common law rights in such mark, based on the fact that Plaintiff was the first to use such mark, which it has used conspicuously and continuously since April 2016 in interstate commerce and in the city and State of New York.

45.     The aforesaid acts of Defendant constitute trademark infringement in violation of the common law of the State of New York.

46.     Defendant's intentional and willful conduct has caused, and will continue to cause, Plaintiff irreparable harm unless enjoined, and Plaintiff has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.     A judgment finding that:

(i)     Defendant has violated Section 43(a) of the Lanham Act, 15 U.S.C. §§ 1125(a);

(ii)    Defendant has engaged in trademark infringement under the common law of the State of New York.

2.      Cancellation of Defendant's registration and of and any appurtenant common-law or other rights in trademark Registration No. 5,173,193 and the attendant mark or mark(s) embodied therein.

3.      A judgment that Plaintiff is the senior user of the Make Waves Mark and owner of related trademark and/or trade dress rights therein.

4.      An injunction permanently restraining and enjoining Defendant, its officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them, or any of them anywhere, from:

(a)      Soliciting donations or promoting or hosting events bearing the Make Waves Mark, or any other mark substantially or confusingly similar thereto, such as any mark corresponding to the '193 Registration and including, without limitation, the terms or marks "Make Waves for Hydrocephalus" and the Twitter hashtag "#MakeWaves;"

(b)      manufacturing, importing, advertising, marketing, promoting, supplying, distributing, selling, offering or offering for sale any products or services which bear the Make Waves Mark, or any other mark substantially or confusingly similar thereto, and engaging in any other activity constituting an infringement of any of Plaintiff rights in the Make Waves Mark or any other trademark owned by Plaintiff;

(c)      engaging in any other activity, acts and practices that deceive the public and/or donors, potential donors, and/or grant applicants as to affiliation between Plaintiff and Defendant, including, without limitation, the use of the terms "Make Waves for Hydrocephalus" and "#Makewaves,", or any other designations or indicia that suggestion association between Defendant and Plaintiff.

(d)      engaging in any activity that will diminish the unique and distinctive quality of the Make Waves Mark or harm the reputation and goodwill in the Make Waves Mark;

(e)      shipping, delivering, transferring, or otherwise disposing of, in any manner, products or inventory which bear the Make Waves Mark or any mark confusingly similar thereto.

(f)      engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive the public and/or the trade.

5.      A judgment directing that Defendant remove any simulation, reproduction, colorable imitation of the Make Waves Mark, or any mark confusingly similar thereto, from any and all storefronts, retail locations, and advertising in any medium and/or websites under its control.

6.      A judgment directing other such relief as the Court may deem appropriate to prevent the public from receiving any erroneous impression that any charity, charitable event, product or service at issue in this case, that has been manufactured, imported, advertised, marketed, promoted, supplied, distributed, sold or offered for sale by Defendant, has been authorized by Plaintiff, or  related to or associated in any way with Plaintiff or Plaintiff's services, charitable activities or fundraising initiatives.

7.      A judgment directing Defendant to file with the Court and serve upon Plaintiff, within thirty (30) days after service upon Defendant of this Court's final judgment issued in this action, a statement, signed under oath, setting forth the manner and form in which Defendant have complied with the injunction herein.

8.      A judgment awarding Plaintiff its actual damages in the amount to be proven at trial.

9.      A judgment awarding Plaintiff its costs and attorney fees and investigatory fees and expenses to the full extent provided for by and relief under 15 U.S.C. §§ 1116-1118.

10.     A judgment awarding Plaintiff such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable that are raised by this First Complaint.

Date:  April 11, 2019

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

By:     /s/ Michael R. Graif
        Michael R. Graif, Esq.
        Harold S. Laidlaw, Esq.
        The Chrysler Center
        666 Third Avenue
        New York, NY 10017
        Tel:  (212) 935-3000
        Fax:  (212) 983-3115
        MRGraif@mintz.com
        HSLaidlaw@mintz.com

*Attorneys for Plaintiff Kristyn Roth*